PAUL A. TAYLOR AND SUSAN A. TAYLOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket Nos. 27217-89, 27218-89, 27221-89.
United States Tax Court
T.C. Memo 1992-219; 1992 Tax Ct. Memo LEXIS 233; 63 T.C.M. (CCH) 2755; April 13, 1992, Filed *233 Decisions will be entered under Rule 155. David M. Monypeny and Mark D. Talley, for petitioners. Paul M. Kohlhoff, for respondent. SHIELDS
SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: In these consolidated cases, respondent on August 11, 1989, mailed to petitioners a separate deficiency notice for each of the taxable years 1981, 1982, and 1984 in which she determined additions to petitioners' Federal income taxes as follows: Additions to tax
Year
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6659
1981
$ 54.45
[1]
$ 326.70
1982
137.95
[1]
827.70
1984
186.70
[1]
1,120.20
Unless otherwise, indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions the only issue is whether respondent's determination of additions to tax under sections 6653(a)(1) and *234 (2) and section 6659 are invalid because the underlying deficiencies previously assessed pursuant to section 6225(c) are invalid since respondent failed to mail to petitioners copies of the notice of the beginning of administrative proceeding (NBAP) and of the notice of final partnership administrative adjustment (FPAA) with respect to returns filed by a partnership in which petitioners have an indirect interest. These cases were submitted fully stipulated under Rule 122. The stipulation of facts and the exhibits attached thereto are incorporated herein but to the extent pertinent the facts are summarized below. Petitioners resided in Tennessee at the time they filed their petitions. In 1984, they purchased a 3.3-percent interest in a general partnership known as West Coast Group (West Coast). At that time and during all relevant periods, West Coast held a 36.52-percent limited partnership interest in a partnership known as International Ordinance, Ltd. (International). International is subject to the partnership audit and litigation procedures of subchapter C of chapter 63 of the Internal Revenue Code. It was formed in 1984 by Donald R. Bacot (Bacot) purportedly to develop, *235 produce, and sell an automatic weapon known as the Phantom SM-90 submachine gun (SM-90). At all relevant times, the partners in International consisted of Bacot, a general partner and also International's tax matters partner (TMP), and three limited partners, West Coast, Northwest Group, Ltd., and Far North Group, Ltd.
On its partnership return for 1984 International claimed an ordinary loss and an investment tax credit. On its partnership return for 1984, West Coast reported an ordinary loss as well as an investment tax credit attributable to West Coast's limited partnership interest in International. On their joint income tax return for 1984, petitioners claimed a loss and an investment tax credit for the portion of West Coast's loss and investment tax credit attributable to their general partnership interest in West Coast. For 1984, petitioners also filed a Form 1045 on which they claimed a tentative carryback to their returns for 1981 and 1982 of an unused portion of their investment tax credit for 1984 attributable to their interest in West Coast. On April 28, 1986, respondent commenced an examination of International's partnership return for 1984 and mailed copies of an *236 NBAP to Bacot and to each of International's limited partners, i.e., West Coast, Northwest Group, Ltd., and Far North Group, Ltd. On August 13, 1987, the scope of respondent's examination was expanded to include International's 1985 partnership return. During the examination, respondent determined that the patent for the SM-90 was held by a company other than International, that the production rights for the SM-90 had a de minimis value, and that the principal purpose of the partnership was to provide tax sheltering advantages to its investors. Accordingly, respondent disallowed the ordinary loss and investment tax credit claimed by International on its 1984 partnership return. On March 14, 1988, respondent mailed copies of an FPAA regarding among other things International's partnership return for 1984 to Bacot and to each of International's limited partners, including West Coast. Respondent did not mail copies of the NBAP and the FPAA to petitioners. Neither Bacot, the TMP, nor any other partner of International filed a petition with this Court for a readjustment with respect to the FPAA. Consequently, respondent computed the deficiencies in income tax of petitioners for *237 1981, 1982, and 1984, which were attributable to the flowthrough of the disallowed loss and investment credit claimed by International for 1984, and on August 10, 1989, assessed such deficiencies against petitioners pursuant to section 6225. On August 11, 1989, respondent mailed to petitioners pursuant to section 6230(a)(2) a separate notice of deficiency for each of the years 1981, 1982, and 1984 in which she determined additions to tax for such years under section 6653(a)(1) and (2) and section 6659. Petitioners timely filed a separate petition from each notice. In their petitions, as amended, petitioners seek redeterminations that the additions to tax determined by respondent are invalid because the additions are determined by reference to underlying deficiencies which in turn are invalid because respondent failed to mail petitioners copies of the NBAP and the FPAA mailed to International. Petitioners were never direct partners in International; rather, they were partners in West Coast which was a "pass-thru" partner in International. Partners in a "pass-thru" partnership are not generally entitled to receive copies of the NBAP and FPAA from respondent, sec. 6223(a), unless *238 the name, address, and profits interest of a partner in the "pass-thru" partner is shown on the partnership return in issue or such information has been furnished to respondent in accordance with applicable regulations. Sec. 6223(c). [1] Petitioners were not identified as partners pursuant to section 6223(c). Since petitioners were not so identified, respondent was not required to mail copies of the NBAP and FPAA to them. Under these circumstances, section 6223(h) requires the tax matters partner of the "pass-thru" partnership (West Coast) to forward copies of the NBAP and FPAA to partners of the "pass-thru" partnership. Section 6230(f) provides that the failure of the tax matters partner to forward copies of the NBAP and FPAA to a partner in the "pass-thru" entity does not affect the applicability of partnership proceedings to such partner. The deficiencies previously assessed against petitioners under section 6225(c) are thus attributable to partnership items, specifically, the disallowance of a flowthrough loss and an investment tax credit from the partnership, International, whether or not petitioners received timely notice of the NBAP and FPAA from the tax matters partner *239 of West Coast. Therefore, the additions to tax determinations by respondent under section 6653(a)(1) and (2) and section 6659 are sustained. The parties have stipulated that the correct amounts of (1) the addition to tax under section 6653(a)(1) and (2) is zero in each year and (2) the additions to tax under section 6659 are $ 163.35, $ 413.85, and $ 560.10 for 1981, 1982, and 1984, respectively. Although increased interest under section 6621(c) was not determined by respondent in the deficiency notices or asserted by respondent in the answers, we note that the parties have also stipulated that the deficiencies in tax assessed by respondent for 1981, 1982, and 1984, in the amounts of $ 1,089, $ 2,759, and $ 3.734, respectively, are substantial underpayments attributable to tax-motivated *240 transactions for the purpose of computing the interest payable with respect to such deficiencies under section 6621(c). Decisions will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 1,089, $ 2,759, and $ 3,734 for 1981, 1982, and 1984, respectively.↩
1. Respondent's failure to satisfy the notice requirements prior to the conclusion of the partnership proceeding will result in the partnership items of a partner who was not given notice to be treated as nonpartnership items. Sec. 6223(e).↩